IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC., and<br>UNILOC LUXEMBOURG, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>ZEBRA TECHNOLOGIES<br>CORPORATION,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:15-cv-1008<br><br><br>PATENT CASE<br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc., and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, Zebra Technologies Corporation ("Zebra"), allege as follows:

## THE PARTIES

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a placed of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Uniloc has researched, developed, manufactured and licensed information security technology solutions, platforms and frameworks, including solutions for securing

06092671

software applications and digital content. Uniloc Luxembourg has been awarded and owns a number of patents. Uniloc's technologies enable, for example, software and content publishers to distribute and sell their valuable technologies securely and with a minimum burden to their legitimate and authorized end users. Uniloc's technologies are used in several markets, including property rights management and critical infrastructure security.

4. Upon information and belief, Zebra is a Delaware corporation having a principal place of business at 3 Overlook Point, Lincolnshire, Illinois 60069 and does business in Texas and the judicial Eastern District of Texas. Zebra may be served with process through its registered agent in Texas, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Zebra is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving the accused products in this judicial district and/or has a regular and established place of business in this judicial district.

7. Zebra is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, and (B) regularly doing or soliciting

business, engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 7,024,696)

8. Uniloc incorporates paragraphs 1-7 above by reference.

9. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,024,696 ("the '696 Patent"), entitled METHOD AND SYSTEM FOR PREVENTION OF PIRACY OF A GIVEN SOFTWARE APPLICATION VIA A COMMUNICATIONS NETWORK that issued on April 4, 2006. A true and correct copy of the '696 Patent is attached as Exhibit A hereto.

10. Uniloc USA is the exclusive licensee of the '696 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11. Upon information and belief, Zebra has sold the following CardStudio product in the United States after issuance of the '696 Patent:



12. Upon information and belief, each copy of the CardioStudio product is assigned a unique identification code.

13. Upon information and belief, the following describes, in part at least, the activation process for the CardStudio product:



14. Upon information and belief, the following describes, in part at least, the activation process for the CardStudio product:

3. Enter the Software Activation Key number from the e-mail into the "Activate Product" dialog and click "Activate". The software will authenticate the Software Activation Key via a Web-based server and inform you that License Key has been authenticated.

15. Upon information and belief, the following describes, in part at least, the activation process for the CardStudio product:



16. Upon information and belief, the following describes, in part at least, the activation process for the CardStudio product:

17. Upon information and belief, the following describes, in part at least, the activation process for the CardStudio product:

> Your *CardStudio* single-user license key is locked to your PC at time of installation. Please note that if you need to move your license key to another PC, you must first deactivate the license key on the activated PC first before the key can be moved and reused on a different PC. Failure to deactivate your license key first prior to moving it will render your license key unusable.

18. Upon information and belief, the following describes, in part at least, the activation process for the CardStudio product:



19. Upon information and belief, the following describes, in part at least, the activation process for the CardStudio product:



20. Zebra has directly infringed one or more claims of the '696 Patent in this judicial district and elsewhere in Texas, including at least claim 1, either literally or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling software that implements piracy prevention technology including, without limitation, CardStudio 1.2.

21. Zebra may have infringed the '696 Patent through other software utilizing the same or reasonably similar activation functionality, including other versions of the CardStudio

software.  Uniloc reserves the right to discover and pursue all such additional infringing software.  For the avoidance of doubt, the CardStudio 1.2 software is identified for exemplary purposes and in no way limits the discovery and infringement allegations against Zebra concerning other software that incorporated the same or reasonably similar activation functionality.

22.     Uniloc has been damaged, reparably and irreparably, by Zebra's infringement of the '696 Patent and such damage will continue unless and until Zebra is enjoined.

23.     Uniloc has entered into a Patent License, Release and Settlement Agreement with Flexera Software LLC ("Flexera").  Uniloc is not alleging infringement of the '696 Patent based on any product, software, system, method or service provided by Flexera Software LLC or any Flexera Predecessor ("Flexera Products").  For the purposes of this action, a Flexera Predecessor is any predecessor business owned or controlled by Flexera, including, but not limited to, C-Dilla Limited, GLOBEtrotter Software, Inc., InstallShield Software Corporation, Flexera Holding LLC, Flex co Holding Company, Inc., Flexera Software Inc., Acresso Software Inc., Intraware, Inc., Managesoft Corporation, HONICO Software GmbH, LinkRight Software L.L.C., and Logiknet, Inc. (d/b/a SCCM Expert) and only to the extent of, and limited to, the specific business, technologies and products acquired by Flexera from each of them, and Macrovision Corporation (renamed Rovi Solutions Corporation in July 2009) only to the extent of, and limited to, the specific business, technologies and products acquired by Flexera Holdings Company, Inc. in April 2008 (renamed Acresso Software Inc.), which later changed its name in October 2009 to Flexera Software LLC.  For purposes of this action, Flexera Products do not include any third party products or services that provide activation, entitlement, licensing, usage monitoring and management, auditing, or registration functionality or third party products and

services that are activated, licensed or registered exclusively and independently of products, software, systems, methods or services provided by Flexera or Flexera Predecessors. All allegations of past infringement against defendant(s) herein are made exclusively and independently of the authorized use of Flexera Products.

**PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Zebra as follows:

(A) that Zebra has infringed the '696 Patent;

(B) awarding Uniloc its damages suffered as a result of Zebra's infringement of the '696 Patent;

(C) enjoining Zebra, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '696 Patent pursuant to 35 U.S.C. § 283;

(D) awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E) granting Uniloc such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: November 20, 2015.               Respectfully submitted,

                                        By: _/s/ Craig Tadlock_
                                        Craig Tadlock
                                        Texas State Bar No. 00791766
                                        Keith Smiley
                                        Texas State Bar No. 24067869
                                        **TADLOCK LAW FIRM PLLC**
                                        2701 Dallas Parkway, Suite 360
                                        Plano, TX 75093
                                        Tel: (903) 730-6789

Email: craig@tadlocklawfirm.com
Email: keith@tadlocklawfirm.com

Paul J. Hayes
Robert R. Gilman
Kevin Gannon
**HAYES MESSINA GILMAN & HAYES LLC**
200 State Street, 6th Floor
Boston, MA 02109
Telephone: (617) 345-6900
Facsimile: (617) 443-1999
Email: phayes@hayesmessina.com
Email: rgilman@hayesmessina.com
Email: kgannon@hayesmessina.com

**ATTORNEYS FOR THE PLAINTIFFS**